UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY, Plaintiff, v. CATHOLIC CHARITIES, Defendant. | Case No.: 3:26-cv-03922-CAB-JAC **ORDER: (1) GRANTING MOTION TO PROCEED IFP, [Doc. No. 2]; and (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND.** |

Before the Court is Plaintiff Kenneth R. Henry's motion for leave to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] Plaintiff filed his IFP motion in connection with a complaint filed against Defendant Catholic Charities ("Catholic Charities"). [Doc. No. 1 ("Complaint").] Plaintiff also names Antoinette Fallon ("Fallon"), Director of Catholic Charities, in the body of the Complaint. [*Id.* at 2.] Plaintiff alleges that On January 28, 2026, at the Catholic Charities in El Centro, California, Fallon expelled Plaintiff from the premises because he was playing rap music and called him a curse word (the "N-word").

[Complaint at 6.] For the reasons discussed below, the Court **GRANTS** the motion to proceed IFP and **DISMISSES** the Complaint without leave to amend.

## I. REQUEST TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015).

Plaintiff has provided the Court with a sufficiently detailed application as required by § 1915(a). [Doc. No. 2.] Plaintiff states that his total monthly income is $925 with $900 coming from Supplemental Security Income and $25 from CalFresh benefits. [*See generally id.* at 1–2.] Plaintiff also states his expenses include food, clothing, laundry, transportation, motor vehicle insurance, and installment payments totaling $1060 per month. [*Id.* at 4.] Therefore, Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the Court **GRANTS** Plaintiff's IFP motion under 28 U.S.C. § 1915(a) and proceeds to screen the Complaint.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court must screen the Complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

immune. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.* The Court considers Plaintiff's position as a pro se litigant at the pleading stage and construes the Complaint liberally. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

**a. Plaintiff's 42 U.S.C. § 1983 Claims**

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). "Action under color of state law normally consists of action taken by a public agency or officer." *Taylor v. First Wyoming Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). A private party's action, without something more, is insufficient to characterize that party as a state actor. *See id.* However, "[a] private action may constitute an action under color of state law if the private person [willfully] participates in joint action with the state or its agents," or "if it constitutes the exercise of some power delegated to the private person by the state which is traditionally

associated with sovereignty or is traditionally exclusively reserved to the state." *Id.* (internal quotation marks and alterations omitted).

Plaintiff has not alleged a constitutional right to housing or that Catholic Charities acted under color of state law. Plaintiff alleges that Catholic Charities provides housing or shelter for persons experiencing homelessness and Catholic Charities denied him housing. [Complaint at 4, 6.] However, Plaintiff does not allege, nor is there any information in the Complaint leading the Court to reasonably conclude, that Catholic Charities is a public agency or officer, that it acted jointly with a government entity, or that its actions constitute exercise of some power traditionally associated with a governmental entity.[2] Although some courts have concluded that particular housing entities have acted under color of state law in limited circumstances, those cases involved entities owned or substantially managed by a government agency. *E.g. Mendoza v. Frenchman Hill Apartments Ltd. P'ship*, No. 2:03-CV-494-RHW, 2005 WL 6581642, at *2 (E.D. Wash. Jan. 20, 2005) (finding state action pleaded where county agency was general management partner and participated in the daily decisions of the housing complex); *Guy v. Carson*, No. 2:20-CV-01581-DDP-SHK, 2020 WL 3884904, at *9 (C.D. Cal. June 22, 2020) (finding state action pleaded where defendant was alleged to be a state-chartered public housing agency). Plaintiff has failed to plead that a government agency is involved in ownership or management of Catholic Charities. [*See generally* Complaint at 6.] Therefore, Plaintiff has failed to state a § 1983 claim because Plaintiff failed to allege a constitutional right to housing or that Catholic Charities acted under color of state law.

**b. Plaintiff's First Amendment Claim**

The First Amendment provides that "*Congress shall make no law* . . . abridging the freedom of speech . . . [.]" U.S. Const. amend. I (emphasis added). The Fourteenth

---

[2] The Court notes that receipt of government funding or compliance with generally applicable laws, without more, is insufficient to constitute state action. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020); *see also Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1193 (W.D. Wash. 2005) ("Not every private entity that provides Section 8 housing is a state actor.").

Amendment makes the First Amendment applicable against the states: "*No State shall make or enforce any law* which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . [.]" U.S. Const. amend XIV, § 1 (emphasis added). "The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only governmental abridgment of speech. The Free Speech Clause does not prohibit private abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (emphasis omitted). Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution. *Shehee v. Perez*, No. 1:16–cv–01346–AWI–BAM, 2018 WL 1083868, at *6 (E.D. Cal. Feb. 28, 2018).

Plaintiff alleges that Fallon, a private party, called him the N-word while banning him from the Catholic Charities' premises for playing rap music and that these actions violated his First Amendment rights. [Complaint at 6.] However, the First Amendment does not protect Plaintiff from abridgment of speech by private parties. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. at 808. Furthermore, Fallon's alleged use of the N-word while banning Plaintiff from the premises is mere "verbal harassment or abuse" which is insufficient to state a constitutional deprivation. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Therefore, Plaintiff has no cognizable First Amendment claim upon which to pursue relief.

**III. CONCLUSION**

Accordingly, Plaintiff's motion to proceed IFP is **GRANTED** and his Complaint is **DISMISSED** without leave to amend. Because Plaintiff fails to allege state action or a deprivation of a federally protected right, the Complaint is **DISMISSED** for failure to state a claim. *See Lopez*, 203 F.3d at 1126–27. The dismissal is without leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (a district court may dismiss a pro se complaint without leave to amend where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."), quoting *Akhtar v. Mesa*, 698 F.3d 1202,

1212 (9th Cir. 2012); *see also Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

It is **SO ORDERED**.

Dated: September 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge